## ROSEN v. UNITED STATES.
### Civ. No. 9919.

United States District Court
E. D. New York.
March 24, 1953.

Simeon F. Gross, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., for Eastern District of New York, Brooklyn, N. Y., by Gerard E. Moloney, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This defendant's motion for summary judgment has to do with the death of Chaplain, Lieut. Solomon Rosen, U. S. Army Air Force, on November 1, 1948.

The complaint under the Federal Tort Claims Act of 1946, 28 U.S.C. §§ 1346, 2671 et seq., alleges that he was lawfully in a C–47 aircraft which the defendant negligently, etc., permitted (a) to become and remain out of repair and in an unsafe and dangerous condition; and (b) to explode, crash and fall; (c) also it suffered him to be killed in said airplane; (d) and failed to provide a safe passage for him; (e) and failed to provide proper safety precautions; and (f) failed to give warning of the unsafe conditions.

The first cause seems to pertain to the decedent for his injuries, and the second is a death action by his administratrix.

The answer contains denials and defenses based upon Tit. 28 U.S.C. § 2680(a) and (j).

Interrogatories and answers do not reveal the factual situation discussed in the brief filed for the defendant although documents attached to its brief are consistent with the following: That the decedent was a first lieutenant, "Chaplain Corps Reserve" who entered on active duty August 10, 1948; that he signed out November 1, 1948 at 9:00 A.M., destination Washington, D. C., having been "granted VOCO to be absent from 1 November through 3 November, 1948, to visit his family"; that "there were no orders issued directing officer to participate in aerial flight"; "that he died (U. S. A. F. aircraft accident) near Muldrow, Okla., 1 Nov. 48"; also, "Flying status no add pay status."

From the foregoing it is argued that the decedent having been granted verbal leave, was carried—probably at his own request—on a government owned plane which crashed during flight.

It does not appear whether the records have been examined on behalf of plaintiff and found to be correct; nor whether there is other evidence available to explain more fully, the presence of the decedent on the government plane.

It is clear that the convenience of both parties would be promoted by a disposition

of this motion upon an agreed statement of facts, in the form of a stipulation.

Mere reference to Brown v. U. S., D.C., 99 F.Supp. 685 relied on by plaintiff, and Feres v. U. S., 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 by the defendant, in the absence of a more precise and comprehensive evidentiary recital, is not deemed to be sufficient.

This motion for judgment will be denied without prejudice to the making of a new motion based upon a stipulation of facts which will set forth all available information concerning the election if any by the decedent to fly in a government plane; and whether any other means of reaching his destination was open to him; the official nature of the flight in question; and whether there are any regulations applicable to a member of the armed forces who, being on leave, is travelling in a government owned and operated plane in furtherance of the object for which the leave was granted.

The bearing of any such regulation upon the legal status of this decedent after he boarded the plane would aid in reaching a conclusion as to whether his injuries were "incident to military service." Feres v. U. S., supra, 340 U.S. at page 144, 71 S.Ct. 153, 158, 95 L.Ed. 152.

It is disappointing to attempt to reason by analogy, for instance, as to the legal status of a sailor who is injured while on shore leave, namely, whether he is then in the service of the ship so as to be entitled to maintenance and cure.

The same court which sustained such a cause in Warren v. U. S., 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503, decided that a soldier on leave, riding in a private car, was to be deemed to be on his own for purposes of the Federal Tort Claims Act, in Brooks v. U. S., 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200.

In this rather vague state of the law touching the legal aspect of the on leave status, it becomes quite important that a given record should be precise and revealing.

Settle order.