## ARCHER et al. v. UNITED STATES et al.
### No. 14580–Y.

United States District Court
S. D. California, Central Division.

May 19, 1953.

Norman Silver, Edward Feldman, Los Angeles, Cal., for plaintiffs.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Max Deutz, Assts. U. S. Attys., Los Angeles, Cal., for defendants.

YANKWICH, Chief Judge.

The motion of the Government for summary judgment, filed on March 20, 1953, heretofore argued and submitted is now decided as follows:

The motion is granted.

Findings and judgment to be prepared by counsel for the Government in accordance with the views here expressed.

## Comment

I am of the view that plaintiffs cannot recover. The decedent, Herman Archer, a cadet at West Point Military Academy, was, at the time of his death, traveling in a military plane, under military discipline, and was, under the laws and regulations in force at the time, on military duty. His death occurred "in the course of military duty". Feres v. United States, 1950, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152, modifying and distinguishing Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200.

Under the law the plaintiffs are allowed compensation for the death of their son. This is an exclusive remedy which forbids their suing under the Federal Tort-Claims Act, 28 U.S.C.A. § 1346. Feres v. United States, supra; Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051.

Hence the ruling above made.

### Findings of Fact

I

The plaintiffs, Pearl Archer and Joseph Archer, are the parents of one Herman Archer, deceased.

II

On or about December 30, 1951, Herman Archer, then eighteen years of age and a cadet at the United States Military Academy, West Point, New York, met his death in an airplane crash near Phoenix, Arizona.

III

That at said time and place Herman Archer was on leave, pursuant to written orders, from the United States Military Academy, West Point, New York, and was riding gratuitously with a group of other cadets in a United States Air Force C–47 Aircraft.

IV

That at the time of his death, the decedent, Herman Archer, was traveling in a military plane, under military discipline, and under the laws and regulations in force at the time.

## V

Pearl Archer and Joseph Archer, as the dependent parents of the deceased, Herman Archer, applied to the Veterans Administration of the United States for the benefits provided under the laws of the United States for dependent parents of deceased servicemen of the United States, particularly under the provisions of Veterans' Regulations 1(a), Part II, under the Act of March 20, 1933, 48 Stat. 8, Public Law No. 2, 73rd Congress, as amended, for death compensation, and under Public Law No. 23, 82nd Congress, 65 Stat. 33, for servicemen's indemnity benefits.

## VI

Since December 31, 1951, the plaintiffs, Pearl Archer and Joseph Archer, as dependent parents of Herman Archer, have received the sums of $28 per month each as death compensation under Public Law No. 2, 73rd Congress.

## VII

Since December 30, 1951, the plaintiffs, Pearl Archer and Joseph Archer, have received servicemen's indemnity benefits under Public Law No. 23, 82nd Congress, in the amounts of $46.45 per month each, and will continue to receive such benefits through November 30, 1961.

## VIII

Under the findings of the Veterans Administration, the deceased Herman Archer has been determined to have died "in line of duty" as a member of the military establishment of the United States.

From the foregoing findings of fact the court makes the following conclusions of law:

### Conclusions of Law

### I

The plaintiffs, Pearl Archer and Joseph Archer, as dependent parents, of the deceased, Herman Archer, have a full and adequate remedy for recovery of compensation for the death of the said Herman Archer under the provisions of the compensation statutes of the United States of America applicable in such cases, particularly under the provisions governing the Veterans Administration of the United States as found in Public Law No. 2, 73rd Congress, and Public Law No. 23, 82nd Congress, and such remedy is exclusive.

### II

The remedy of compensation as set forth above being exclusive, there is no jurisdiction in this Court to entertain this action, and the same must be dismissed.

Let judgment be entered accordingly.