

Simeon F. Gross, New York City, for plaintiff, Bernard Meyerson, Brooklyn, of counsel.

Leonard P. Moore, U. S. Atty., for the Eastern Dist. of New York, Brooklyn, N. Y., Joseph F. Soviero, Brooklyn, of counsel.

BYERS, District Judge.

This is a motion by the Government for summary judgment. Contention is made that the action will not lie under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. A similar motion was denied by this court because it was thought that a more precise and comprehensive evidentiary recital of the facts was necessary. Rosen v. U. S., D.C., 110 F.Supp. 737.

Decision is required as to whether a member of the Armed Forces who was

Violet D. ROSEN, individually, and as Administratrix of the goods, chattels and credits of Solomon Rosen, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 9919.

United States District Court, E. D. New York.

Dec. 2, 1954.

"on pass" and who elected to travel on a plane owned and operated by the United States Army Air Corps, can be deemed to have been on a military mission, for the purpose of this litigation.

While Archer v. U. S., D.C., 112 F. Supp. 651 is urged as an authority to sustain the defendant's motion, it will be observed that the opinion contains findings of fact; that suggests that both sides joined in the motion for summary judgment (which is not the case here) since findings are appropriate only to resolve contested issues of fact.

The plaintiff relies on Brown v. U. S., D.C., 99 F.Supp. 685, 687, and in that opinion it is stated that the facts are deemed to have been similar to those present in the Brooks case, Brooks v. U. S., 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200. The District Judge says in part:

> "It will thus be seen that so far as the Federal Tort Claims Act is concerned the Supreme Court uses the words 'on furlough' and 'on leave' as synonymous. In both cases the soldier is not on active duty, is not under compulsion of any orders or duty and is not on any military mission. He is free to go and do as he wishes."

The foregoing presents this difficulty:

The statement that a soldier on leave is not on active duty and is not "under compulsion of any orders or duty and is not on any military mission" might have to yield to competent testimony which might establish that a soldier on leave is potentially under the compulsion to obey any order that a superior might issue. should the occasion arise, before the expiration of the leave; if that be true, he would be under and in that sense subject to the compulsion inherent in the exigencies of military service from which he is not released by being granted leave or a pass.

■ In other words, whether a member of the Armed Forces, being "on pass" or leave, becomes in effect a civilian within the Federal Tort Claims Act, should be resolved in the light of the applicable law and regulations rather than by a process of uninformed judicial conjecture.

■ In the prior opinion in this case it was observed that regulations applicable to a member of the Armed Forces who being on leave is traveling in a Government owned plane in furtherance of the object for which the leave was granted, might illuminate the question of whether his injuries indeed were "incident to military service."

The agreed statement of facts is silent on this point.

In the belief that this controversy cannot be adequately adjudicated upon the existing stipulation, and that the rights of both parties can best be served by the presentation of all available evidence, the motion for summary judgment is denied.

Settle order.