Pearl ARCHER and Joseph Archer, Appellants,

v.

UNITED STATES of America, Appellee.

No. 13930.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1954.

Writ of Certiorari Denied Feb. 28, 1955.

See 75 S.Ct. 441.

Norman B. Silver, Edward Feldman, Los Angeles, Cal., for appellants.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Morton Hollander, Atty., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Leavenworth Colby, Washington, D. C., Clyde C. Downing, Los Angeles, Cal., Max F. Deutz, Glendale, Cal., Asst. U. S. Attys., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CLARK, District Judge.

**JAMES ALGER FEE**, Circuit Judge.

Plaintiffs, who are the parents and heirs of Herman Archer, bring this action for his death. They allege:

"That on or about the 30th day of December, 1951, the deceased, Herman Archer, a cadet at West Point Military Academy, boarded a United States Army Plane at San Francisco, California, for the purpose of being transported to New York.

"That said plane was being operated by Doe One, an employee of the United States Army and at all times herein mentioned Doe One was the servant, agent and employee of the defendant United States of America, employed by the United States Army, and was operating said United States Army Plane herein described with the consent and permission of the defendant United States of America, and within the course and scope of his employment, agency and authority; that he did so carelessly, recklessly, negligently and unlawfully operate, maintain, manage and control said airplane as to cause said airplane to fall, causing the death of all the passengers and operators on said plane, including plaintiffs' son, Herman Archer."

It is further set up that, as a proximate result of the alleged negligence, Herman Archer died, to their damage.

The United States filed an answer which consisted of a general denial and several affirmative defenses.[1]

■ Thereafter, a motion for summary judgment was filed. A great many affidavits were received on the question of whether the fact that the cadet was riding an army plane in order to get back to his post before his leave expired had an effect on the right of the parents

1. Crowell v. Baker Oil Tools, Inc., 9 Cir., 143 F.2d 1003, 1006, by Mathews, C. J.: "The answer admitted some of the allegations of the complaint, denied others and contained allegations which were deemed denied. Some, at least, of the issues thus raised were genuine issues as to material facts. Thus, instead of showing that there was no genuine issue as to any material fact, the pleadings showed that there were such issues."

to recover. The Court made findings of fact as to two specific issues; and thereupon entered summary judgment. D.C., 112 F.Supp. 651. This was technically improper. If any one thing were shown more clearly than another, it was that the cause presented many genuine issues of material fact.[2] The Court decided certain of these issues of fact upon affidavits and documents submitted by the parties and entered judgment. The function of the Court on motion for summary judgment is not to try any issue of material fact upon deposition or affidavit.[3] Rule 43 provides: "In all trials the testimony of witnesses shall be taken orally in open court * * *."

The Trial Court thus established two propositions. The first was that at the time of accident Herman Archer was on leave from the United States Military Academy, West Point, New York, where he was a cadet, and that he was riding gratuitously in a military plane under military discipline and under the laws and regulations in force at the time. The second was that the parents applied for and received compensation based upon death in army service.

Although these two issues of fact were decided upon documents and affidavits, no appeal was taken from the findings, and it is now conceded that only points of law are here raised.[4] Based upon this and the agreement that no questions of fact were presented upon the two situations, the findings of the Trial Court are accepted, and the technical point that there was actually a trial of genuine issues of material fact is thereby cured.

■ But the trial judge, in the presence of other material issues of fact, decided the case and entered summary judgment. The rule provides that in this situation the Court "shall thereupon make an order specifying the facts that appear without substantial controversy" and proceed to dispose of the other material issues.[5] Appellants raise the point that the summary judgment was improperly entered here. It must be conceded that both the rule and proper practice dictate that all genuine issues be ruled upon. Otherwise, if the trial judge were to dispose of the case upon issues which seemed vital, multitudinous split appeals might harass the appellate courts [6] and the case go off on close ques-

---

2. Summary judgment may be entered if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

3. Summary judgment was reversed where, although the complaint was held to have stated a cause of action, the affidavits in support of the motion "upon their broadest application do no more than to present to the trier of fact evidence upon material issues. They do not absolve the issues as matters of law." Lane Bryant, Inc. v. Maternity Lane, Limited, of California, 9 Cir., 173 F.2d 559, 565; Hoffman v. Babbitt Bros. Trading Co., 9 Cir., 203 F.2d 636. " * * * although an affidavit filed in support of a motion for summary judgment may be considered for the purpose of ascertaining whether an issue of fact is presented, it cannot be used as a basis for deciding the fact issue." F.A.R. Liquidating Corporation v. Brownell, 3 Cir., 209 F.2d 375, 379.

4. Appellant conceded that the suggestion in one of the points on appeal that Herman Archer was "in line of duty" at the time of the accident presented a matter of law to be determined upon the agreed facts and documents.

5. Rule 56(d) provides a method of entering summary judgment upon one or more issues of fact found not to be genuine or material. If this had been done, and a pre-trial conference had been held on the other issues, there is little doubt that admissions could have been obtained upon which the whole case might have been resolved. Such admissions should be of record by stipulations made in open court, or incorporated into the record in writing.

6. Remand and further appeals may be necessary when the trial and appellate courts disagree on the effect of a single established fact considered decisive by the trial court. "The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered." Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 149 F.2d 130, 135.

tions of statutory or constitutional construction which might never otherwise have been reached.[7] Short cuts are fraught with danger. This case is illustrative.

Under the system established by the Civil Rules, the Trial Court should have then held a pre-trial conference after it had been determined that these two findings of fact had not disposed of such issues. It should have then been determined what were the remaining issues for trial, if any. However, the procedures established are not rigidly binding, if no injustice were done.

■ The Trial Court was undoubtedly correct in holding that a cadet riding under military discipline on an army plane under control of a superior officer has no claim under the Act for injury sustained through whatever cause. This principle would not vary even though the service man were on leave and whether he were on the plane voluntarily or by command. He was in line of duty. Under such circumstances, his parents could not recover for his death. On the other hand, one of the stated defenses in the answer seems to set up an inconsistent situation. Since all matters set up in the answer are deemed denied, this is a contested material issue. Furthermore, the existence of a coordinated and liberal amount for compensation for service men and for dependent parents of service men is used as one of the factors in construing the debatable ground between the Tort Claims Act and the service compensation acts. It is by no means established that the claim or acceptance of benefits under the statutes for service men and their dependents tends to establish a waiver or estoppel against pursuing a remedy under the Tort Claims Act, if one existed. Besides, there were allegations in this case which might create fact questions as to whether these doctrines were applicable to these plaintiffs.

■ Therefore, since there were these material questions unresolved which were raised by the affirmative allegations of the answer, a summary judgment could not properly be entered. However, if the Appellate Court can sustain the dismissal of the complaint and claim upon any ground and thereby save remand on a technical procedural basis, it should be done. Undoubtedly, under the situation disclosed by the record, plaintiffs have no right against the United States.

But here the complaint did not state a cause of action or a claim upon which relief could be granted. The allegations set out would indicate the usual transportation of a soldier in military service in line of duty. The Tort Claims Act does not cover such a situation. The general rule is that there can be no recovery under this statute in such a state of fact. Since the affidavits and documents have been presented, it clearly appears that plaintiffs could not have stated a case within the exceptions. Furthermore, it is obvious enough from the pleading, since there were no specifications of negligence and no identification of negligence on the part of the "employee," that the only circumstance complained of is the fall of the plane and the resultant death of Archer. It is not even alleged that Herman Archer was not himself in control thereof. Is the United States sued as a common carrier? Does the doctrine of res ipsa loquitur apply? Is the law of employer and employee to be applied as if the employee were being carried back gratuitously to the employer's place of business to resume work? Has the state any law which applied to a soldier against the United States? Even if the soldier should be assumed to be in the position of an employee of the United States (and there is no law to that effect), has the state any doctrine of law under which a cause of action might be stated?

---

**7.** For a discussion of policy, see Waialua Agricultural Company, Ltd. v. Ciraco Maneja, 9 Cir., 178 F.2d 603 and 9 Cir., 216 F.2d 466 (second appeal).

"No federal law recognizes a recovery such as claimants seek." [8] For "the scope, nature, legal incidents and consequences of the relation between persons in service and the Government are fundamentally derived from federal sources and governed by federal authority." [9] None of the supposed analogies hinted above apply. None of the several states have law, statutory or decisional, which applies to a situation where a soldier is under military authority. At no locale in the limits of the United States would a "private person" therefore "be liable to the claimant in accordance with the law of the place." [10]

The locality of the action claimed to have caused damage is an indispensable allegation under the statute. But it was not alleged where the negligence occurred. It is not alleged where the death happened. It was thus not shown by the complaint that the accident occurred "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." [11] This provision of the Act seems to be respected more by being disregarded than in any other manner.

■ There was no action for wrongful death at common law. The legislative enactments of the various states create such a cause of action in amounts variously limited and to various persons or characters such as relatives, executors or administrators, heirs and others.

It is therefore of no importance that, although the complaint does not allege it, the Court found that the plane crashed near Phoenix, Arizona. The flight was alleged to be in a government plane which started from San Francisco with the destination of New York City.

"It would hardly be a rational plan of providing for those disabled in service by others in service to leave them dependent upon geographic considerations over which they have no control and to laws which fluctuate in existence and value." [12]

■ A "cadet" being "transported" in a "United States Army Plane," which was operated by an employee of the United States Army, has no valid claim against the government for an accident causing him damage. Nor has anyone such a claim for his death. In riding aboard that plane, under these allegations, Herman Archer was either "in command" or "under command."

The complaint in this case on its face did not state a cause of action or a claim upon which relief could be granted against the United States.[13] This is not a technicality since the proceedings show that no claim within the statute could be proved. The point has not been waived.[14]

The action was therefore properly dismissed and the judgment of dismissal is sustained.

Affirmed.

8. Feres v. United States, 340 U.S. 135, 144, 71 S.Ct. 153, 158, 95 L.Ed. 152.

9. United States v. Standard Oil Co., 332 U.S. 301, 305–306, 67 S.Ct. 1604, 1607, 91 L.Ed. 2067.

10. 28 U.S.C.A. § 1346(b).

11. 28 U.S.C.A. § 1346(b).

12. Feres v. United States, 340 U.S. 135, 143, 71 S.Ct. 153, 158.

13. The District Court was affirmed where, although affidavits and exhibits were presented on motion for summary judgment, the court instead granted a motion to dismiss the complaint. Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618.

14. Under Rule 12(h), the defendant has not waived the defense of failure to state a claim upon which relief can be granted, and the granting as a motion to dismiss may be sustained on that basis.