Allan M. FISCHER, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 77 C 830.

United States District Court, E. D. New York.

June 8, 1978.

Pegalis & Wachsman, Great Neck, N.Y. (Steven E. Pegalis, Great Neck, N.Y., of counsel), for plaintiff.

David G. Trager, U.S.Atty., E.D.N.Y., Brooklyn, N.Y. (Christopher J. Jensen, Asst. U.S.Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brings this suit to recover damages for injuries allegedly sustained while he was a cadet at the United States Air Force Academy in Colorado. He says that he was a member of the varsity football team at the Academy in 1969 and 1970, and that in those years the team physicians prescribed Butazolodin, an anti-inflammatory drug, so that he could play with a hurt knee. He graduated in June 1971 and became a commissioned officer in the Air Force.

He claims that the drug caused damage to his bone marrow and that he developed chronic mononucleosis, chronic anemia, dangerous alteration of heartbeat, and other ills. These started to manifest themselves after his graduation but it was not until after he had been retired for disability in 1975 that his personal physician discovered that the drug was the cause of the disability. He alleges that as a result of the negligence of the Air Force doctors he has been reduced from a two hundred and twenty pound tackle to a chronically ill one hundred and forty pound weakling. The complaint asserts claims under the Federal Tort Claims Act against the United States for negligence and for failure to obtain plaintiff's informed consent prior to the administration of the drug.

Jurisdiction is asserted under the Tort Claims Act, 28 U.S.C. § 1346(b), which provides in pertinent part that this court has jurisdiction of actions on claims against the United States for damages for personal injury caused by the negligent or wrongful acts of employees of the government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place" where the acts occurred.

Defendant has moved for summary judgment, arguing that because plaintiff's injuries were incurred while he was a cadet at the Air Force Academy the alleged negligent acts of the doctors did not take place "under circumstances where the United States, if a private person, would be liable to the claimant" within the meaning of the Tort Claims Act, citing *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

As the Supreme Court stated in the *Feres* case the Tort Claims Act marked the culmination of a long effort to mitigate the unjust consequences of the ancient doctrine of sovereign immunity from suit. As the Federal government expanded its activities its agents caused an increasing number of wrongs, which would have been actionable if inflicted by an individual or a corporation, but were remediless only because their perpetrators were government employees. Rather than continue to try to deal with claims for such wrongs by way of private bills Congress by passing the Tort Claims Act waived immunity and placed the burden on the courts, the primary purpose being "to extend a remedy to those who had been without." 340 U.S. at 139–140, 71 S.Ct. at 156.

The *Feres* opinion noted, however, that Congress had not been plagued with private bills on behalf of military and naval personnel because the law already provided a comprehensive system of compensation for them and their dependents. 340 U.S. at 140, 71 S.Ct. 153. The Court then analyzed the Tort Claims Act and held that the three plaintiffs on active duty in the Army could not recover damages allegedly sustained as a result of negligence by the Army. Feres was killed when the barracks in which he was quartered caught fire, and his executrix claimed the Army should have known of the unsafe condition of the barracks. The other two cases involved claims for medical malpractice by Army surgeons.

In holding that none of the plaintiffs had a claim the court stated:

> "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence. We cannot impute to Congress such a radical departure from established law in the absence of express congressional command." 340 U.S. at 146, 71 S.Ct. at 159.

The Court cited various reasons why it concluded that Congress had not intended to grant a cause of action to soldiers on active duty. Such soldiers are, of course, subject to the orders of the military and may be sent to serve wherever their officers choose. Yet the Tort Claims Act makes "the law of the place where the act or omission occurred" govern liability. To make the rules of law of the several states applicable is, the Court said, "fair enough when the claimant is not on duty or is free to choose his own habitat and thereby limit the jurisdiction in which it will be possible for federal activities to cause him injury", but it "makes no sense" where a soldier is "on active duty" and "has no choice and must serve any place or, under modern conditions, any number of places in quick succession." 340 U.S. at 142–143, 71 S.Ct. at 158.

The Supreme Court found other evidence of an intent not to allow actions by those on active duty from "enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in armed services." 340 U.S. at 144, 71 S.Ct. at 158. The Court noted that "the compensation system, which normally requires no litigation, is not negligible or niggardly," and that the "recoveries compare extremely favorably with those provided by most workman's compensation statutes." 340 U.S. at 145, 71 S.Ct. at 159.*

None of the considerations which underlay the Supreme Court's decision in the *Feres* case appears to apply to the case of a cadet like plaintiff injured by the medical malpractice of a military academy's team physician. The government admits that plaintiff while at the Academy was not subject to military discipline. Thus, to permit suit in this case would not encourage the flouting of military orders or discourage their issuance. Plaintiff was not required to attend the Academy; he had chosen to do so. He could have been dismissed but not court martialed had he violated the Academy regulations, although before dis-

---

* The Court in the *Feres* case also relied on the fact there was no liability of a "private individual" which was "even remotely analogous" to that which plaintiffs asserted, because "no private individual has power to conscript or mobilize a private army", and no American law permitted a soldier to recover for negligence against his officers or the government. The Tort Claims Act was thus held "not to visit the Government with novel and unprecedented liabilities." 340 U.S. at 141–142, 71 S.Ct. at 157.

However, this rationale was thereafter apparently abandoned by the Supreme Court. *Rayonier, Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955); *United States v. Union Trust Co.*, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796 (1955); see *Healy v. United States*, 192 F.Supp. 325 (S.D.N.Y.1961), aff'd 295 F.2d 958 (2d Cir. 1961).

missal he could have demanded a court martial. 10 U.S.C. § 9352. He could not have been subjected to any military punishment if he had left the Academy.

In contrast to soldiers such as the plaintiffs in the *Feres* case who were on active duty and thus covered by a uniform compensation system for injuries, cadets at the Academy do not have the benefit of any such system. While plaintiff, since after graduation he became a commissioned Air Force officer, is receiving disability retirement benefits, that is a result of the circumstance that the deleterious effects of the drug did not manifest themselves until he was on active duty. Had he been incapacitated at the time of the administration of the drug he would be without a remedy if not permitted to recover under the Tort Claims Act.

The *Feres* case carved out a residual area of sovereign immunity from the broad terms of the consent to suit provided by the Tort Claims Act. Where the rationales for the holding of that case are not present there is no reason to find the United States immune. This court therefore holds that a cadet who is not on active duty and is not subject to military discipline may bring action under the Tort Claims Act for personal injuries.

The case of *Healy v. United States*, 192 F.Supp. 325 (S.D.N.Y.1961, per Weinfeld, J.), *aff'd per curiam* 295 F.2d 958 (2d Cir. 1961), is not inconsistent. There the plaintiff claimed that while a civilian he was negligently examined and determined physically qualified by Air Force doctors at a recruiting station. After he was sworn in he was forced during basic training to participate in strenuous activities. As a result he was hospitalized and later discharged from the Air Force for physical disability, namely, a heart condition which existed prior to his induction.

The court held that the question was whether the "injuries" arose out of or in the course of military duty and that, although the negligent physical examination occurred while plaintiff was a civilian that negligence did not "cause" his injury, which came about "only as a result of his activity following induction when he was subject to military orders." 192 F.Supp. at 326–328. In the case at bar the alleged negligent administration of the drug which caused the injury came about while the plaintiff was a cadet and not while he was on active duty.

Plaintiff has cross-moved to dismiss the government's second affirmative defense which alleges that the claims are barred because plaintiff's alleged injuries arose out of his military service. Under the view this court takes of the law that is not a good defense and it should be stricken.

The government's motion for summary judgment is denied. Plaintiff's motion to dismiss the second affirmative defense alleged in the answer is granted. So ordered.