**Joseph M. COLLINS, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 80–1181.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1981.

Decided March 4, 1981.

Edward J. Egan, Chicago, Ill., for plaintiff-appellee.

James T. Hynes, Asst. U. S. Atty., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant-appellant.

Before SPRECHER and CUDAHY, Circuit Judges, and SPEARS, Senior District Judge.*

SPRECHER, Circuit Judge.

Plaintiff, a former United States Air Force Academy (Academy) cadet, brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., for injuries caused by medical malpractice which occurred while plaintiff was enrolled at the Academy. After a bench trial, the district court entered judgment for plaintiff in the amount of $200,000. The United States appeals, claiming that plaintiff's action is barred by the Supreme Court decision in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Feres bars FTCA suits by servicemen for injuries incident to military service. The question before us is whether Feres applies to cadets at a United States military academy. We hold that the Feres doctrine applies and, therefore, we reverse the judgment entered by the district court.

I

Plaintiff entered the Academy in July, 1972. After several days of basic training, he noticed a blind spot and blurred vision in his left eye. His condition was diagnosed as a central serous retinopathy (CSR). During the following weeks, plaintiff's condition worsened. Based upon his condition, plaintiff was released from the Academy on August 8, 1972. He was honorably discharged from the Air Force in September, 1972.

On April 5, 1974, plaintiff filed his complaint alleging medical malpractice. Defendant's motions to dismiss based upon the Feres doctrine were denied.[1] After trial in December, 1979, the district court found that plaintiff's condition had been exacerbated by negligence on the part of Air Force personnel and entered judgment for plaintiff. Since defendant has not appealed the district court's findings of negligence, we accept the district court's findings, as follows.

The district court found that in keeping with good medical practice, treatment of CSR required (1) "advice to [plaintiff] concerning the desirability of minimizing emotional or mental and physical stress" and (2) "action by the Air Force to take some steps to minimize or reduce the stress that accompanied the type of physical and mental activity which the Air Force had him undergoing at that time." Tr. 263–64. The district court found that the Air Force neither advised plaintiff that he should reduce his exposure to mental and physical stress nor took steps to reduce plaintiff's exposure to stress. The court concluded that "[t]herefore, the Air Force negligently failed to do

* Honorable Adrian A. Spears, Senior District Judge for the Western District of Texas is sitting by designation.

1. This case was originally assigned to Judge Bauer, then of the Northern District of Illinois. By order dated November 5, 1974, in response to the defendant's motion to dismiss, Judge Bauer held that the facts of this case presented an exception to the Feres rule. In response to defendant's motion for reconsideration, Judge Bauer reiterated his finding that this case was an exception to the Feres line of cases because "plaintiff was a cadet who was disqualified from [veterans'] benefits by statute." Order of

May 16, 1975. The case was later assigned to Judge Kirkland and, finally, to Judge McGarr, who denied defendant's renewed motion to dismiss on December 3, 1979.

At trial, plaintiff testified that he was receiving veterans' benefits. These benefits included a thirty percent disability payment of $149 per month, pursuant to 38 U.S.C. § 331, and vocational rehabilitation payments of $298 per month, toward plaintiff's medical school expenses, pursuant to 38 U.S.C. § 1501. Based on this information, defendant again renewed its motion to dismiss, which was denied by the district court on December 5, 1979.

what they were clearly obligated to do for Mr. Collins and this negligent failure was the proximate cause of his present permanent vision impairment in one eye." Tr. 267.

Defendant appeals the district court's judgment for plaintiff solely on the ground that under *Feres* the United States is immune to FTCA actions by servicemen injured incident to military service. First, we will examine the *Feres* rule, and then we will determine whether the rule applies to cadets in the military academies.

## II

The *Feres* rule actually stems from a trio of Supreme Court cases. *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Feres; Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). In *Brooks*, the Court held that members of the armed forces could recover against the United States under the FTCA for injuries *not* incident to their service. 337 U.S. at 52–53, 69 S.Ct. at 920. The Court noted that the FTCA does not forbid suits by military personnel. The Court also held that an FTCA action is not precluded even if plaintiff receives veterans' benefits, since neither the FTCA nor the veterans' benefits laws in Title 38 of the United States Code provide for exclusiveness of remedy. 337 U.S. at 53, 69 S.Ct. at 920.[2] The Court specifically reserved judgment on the issue of injuries incident to service. 337 U.S. at 52, 69 S.Ct. at 920.

In *Feres*, the Supreme Court faced the question left open in *Brooks*: injuries incident to service. Three servicemen on active duty and not on furlough sustained injuries due to the negligence of others in the armed services. Two of those cases, like this case, were medical malpractice actions brought pursuant to the FTCA. The Court concluded that the United States is not liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The Court continued:

> Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act [FTCA], created a new cause of action dependent on local law for service-connected injuries or death due to negligence.

340 U.S. at 146, 71 S.Ct. at 159.

In *Brown*, the Supreme Court elaborated on the "incident to service" bar. The Court held that the controlling factor in deciding whether a member of the armed forces may bring an FTCA suit against the United States is whether the injury was incurred while the person was "on active duty or subject to military discipline." 348 U.S. at 112, 75 S.Ct. at 143. In *Brown*, plaintiff was injured by negligent treatment in a Veterans' Administration hospital after his discharge from the armed services. Since the injury was not incurred incident to military service, the Court held that *Brooks*, rather than *Feres*, governed. Therefore, plaintiff could sue under the FTCA.[3]

In the thirty years since the *Feres* decision, Congress has not seen fit to legislatively modify the judicial exception to the FTCA. Furthermore, the Supreme Court

---

**2.** The Court did find, however, that the amount payable under the servicemen's benefit laws should be taken into account in computing the FTCA award so that the United States would not pay twice for the same injury. The Court remanded to the court of appeals for a determination of the appropriate reduction, if any, of the award. 337 U.S. at 53–54, 69 S.Ct. at 920–921. *See United States v. Brooks*, 176 F.2d 482, 484 (4th Cir. 1949) (adjustment of award on remand).

**3.** The Court again stated its view, first stated in *Brooks*, that "the receipt of disability payments under the Veterans Act was not an election of remedies and did not preclude recovery under the Tort Claims Act but only reduced the amount of any judgment under the latter Act." 348 U.S. at 113, 75 S.Ct. at 143. Thus, incidence to military service, rather than the availability of veterans' benefits, is the decisive factor in deciding whether an injured serviceman may sue the United States under the FTCA.

The significance of veterans' benefits to the question of whether a cadet is a member of the military for purposes of the *Feres* rule is discussed in part III of this opinion.

recently confirmed the vitality of the *Feres* doctrine in *Stencel Aero Eng'r Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). *Stencel Aero* held that *Feres* bars an indemnity action by a third party for money paid to a serviceman who could not recover directly from the United States. 431 U.S. at 673–74, 97 S.Ct. at 2058–59.

This court has consistently applied *Feres* in holding that FTCA suits are barred if plaintiff was injured incident to military service. *Joseph v. United States*, 505 F.2d 525 (7th Cir. 1974) (pre-existing infirmity became aggravated during military service); *Herreman v. United States*, 476 F.2d 234 (7th Cir. 1973) (death of Army National Guard member, not on active duty, flying on military aircraft was "incident to military service"); *Layne v. United States*, 295 F.2d 433 (7th Cir. 1961), *cert. denied*, 368 U.S. 990, 82 S.Ct. 605, 7 L.Ed.2d 527 (1962) (death of Air National Guard pilot on training flight was "incident to military service"). *See also Citizens National Bank v. United States*, 594 F.2d 1154 (7th Cir. 1979) (*Feres* bar applied to intentional torts).

### III

We now turn to the specific question of whether plaintiff's injury was "incident to military service." Air Force Academy cadets are considered members of the Air Force. 10 U.S.C. § 8075(b)(2). There is no dispute that plaintiff's injury was incident to his service as a cadet at the Academy. Thus, the sole question we must decide is whether the *Feres* rule covers cadets.

In *Archer v. United States*, 217 F.2d 548 (9th Cir. 1954), *cert. denied*, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 745 (1955), a cadet from the United States Military Academy was killed in the crash of a military airplane. The cadet was on leave and rode gratuitously in the plane. His parents claimed that the plane was operated negligently and sued for damages under the FTCA. The court held that since a cadet on a military plane is under military discipline even while on leave and riding voluntarily, he has no FTCA claim for injuries. Therefore, the parents' death action was barred.

Plaintiff argues that *Archer* does not support defendant's position here because the court never decided the question of whether cadets are covered by the *Feres* rule. Plaintiff argues that the *Archer* court merely assumed that cadets fell within the terms of *Feres* and decided only the question of whether riding gratuitously in a military airplane was an activity "incident to service." But, although the *Archer* court did not explicitly discuss the significance of cadet status, the conclusion that a cadet is subject to the *Feres* rule is implicit in the court's holding. Indeed, the court stated that the allegations in the complaint "indicate the usual transportation of a soldier in military service in line of duty," 217 F.2d at 551.

The significance of cadet status recently was specifically addressed in *Fischer v. United States*, No. 77 C 830 (E.D.N.Y. June 14, 1979), *vacating* 451 F.Supp. 918 (E.D.N.Y.1978). In *Fischer*, an Air Force Academy cadet brought suit under the FTCA alleging negligent medical treatment of injuries received while he was a member of the Academy's varsity football team. The court initially had denied the government's motion for summary judgment and had held that *Feres* did not apply to cadets. The court had based its initial decision on erroneous statements by the government that cadets were not subject to military discipline and were not entitled to disability benefits for service-connected injuries. The government later provided correct information regarding cadet discipline and benefits. Based on the correct information, the court held that the *Feres* bar must apply. Therefore, the court vacated its earlier order and dismissed plaintiff's complaint.

Plaintiff argues that *Fischer* was wrongly decided. We find, however, that the fact that cadets are subject to military discipline and are eligible for certain veterans' benefits strongly supports the finding that cadets, like other service personnel, are barred from bringing FTCA actions for service-related injuries.

First, cadets are subject to military discipline pursuant to the Uniform Code of Military Justice. 10 U.S.C. § 802(2). For example, a cadet can be court martialed for "conduct unbecoming an officer." 10 U.S.C. § 933.

Second, cadets who are discharged under conditions other than dishonorable are considered "veterans" for purposes of eligibility for veterans' benefits. 38 U.S.C. § 101(2), (21)(D). They, therefore, are eligible for disability and vocational rehabilitation benefits. 38 U.S.C. §§ 331, 1502. Indeed, plaintiff here receives disability compensation and received vocational rehabilitation payments while he was in medical school. In addition, a cadet's family can recover death benefits if a cadet is killed incident to his service as a cadet. *Archer*, 217 F.2d at 550.[4]

Plaintiff argues that since cadets are not eligible for all of the benefits available to some members of the armed forces, cadets should not be precluded from bringing FTCA suits. For example, cadets are specifically excluded from chapter 61 of the Armed Forces Act, 10 U.S.C. §§ 1201–1221, entitled "Retirement or Separation for Physical Disability." 10 U.S.C. § 1217. But chapter 61 is for the benefit of members of the armed forces "entitled to basic pay;" the payments are computed according to the claimant's pay and eligibility depends on length of service and degree of disability. *See* 10 U.S.C. § 1201(3). This type of pay-based benefit plainly is not relevant to service academy cadets.[5]

Furthermore, not only cadets, but other servicemen who are excluded from disability retirement benefits because they do not meet the length of service or degree of disability requirements of chapter 61 are precluded from bringing FTCA suits for service-related injuries. Exclusion from a particular type of benefit does not govern the application of *Feres* to these members of the armed forces. We find no reason to allow an FTCA remedy for cadets that is denied to other members of the armed forces regardless of the level of benefits for which they are eligible.

Plaintiff misconstrues the significance that receipt of benefits has to the question of whether *Feres* applies to cadets. Such indicia of military status as being subject to military discipline and being entitled to veterans' benefits show that cadets are, indeed, members of the military. The availability of benefits in any individual case is irrelevant. While the receipt of benefits does not preclude an FTCA suit if a serviceman's injury is not incurred incident to service,[6] the denial of veterans' benefits does not mean that an FTCA remedy must be available. In fact, in *Joseph v. United States*, 505 F.2d 525 (7th Cir. 1974), this court held that the Veterans Administration's finding that plaintiff was not entitled to disability compensation because his injury was *not* service-connected did not preclude the district court's dismissal of his FTCA claim on the ground that the injury *was* service-connected. An FTCA claim is barred as a matter of law if the injury is service-connected. 505 F.2d at 527.

Finally, plaintiff argues that *Feres* should be construed narrowly since it is an exception to the FTCA's general waiver of sovereign immunity, 28 U.S.C. § 2674. But, this court has applied *Feres* uniformly to

---

4. Plaintiff argues that cadets are not entitled to death benefits under 10 U.S.C. § 1475 *et seq.* because 10 U.S.C. § 1217 specifically excludes cadets. But, § 1217 only excludes cadets from chapter 61, "Retirement or Separation for Physical Disability." 10 U.S.C. §§ 1201–1221. Cadets are not excluded from chapter 75, "Death Benefits," 10 U.S.C. §§ 1475–1488.

5. Other pay-based benefits not applicable to cadets include annuities based on retirement pay ("Retired Serviceman's Family Protection Plan") and the "Survivor Benefit Plan," 10 U.S.C. §§ 1431–1455. Although they do not receive certain benefits, cadets enjoy the benefits of attendance at the service academies that are unavailable to regular members of the armed forces. These and other differences between cadets and some other members of the military show only that the benefits provided by the armed services are available to those for whom they are appropriate.

6. *See Brooks*, 337 U.S. at 53, 69 S.Ct. at 920; *Brown*, 348 U.S. at 113, 75 S.Ct. at 143; *Archer*, 217 F.2d at 551.

those who are considered members of the armed forces. In *Herreman* and *Layne*[7] this court applied *Feres* to National Guard members who, like cadets, are distinguishable from regular armed service members in some respects. We find no reason to carve out an exception to the *Feres* bar for cadets. To allow plaintiff's FTCA award to stand would be to seriously erode a Supreme Court precedent which neither Congress nor the Supreme Court has seen fit to modify.

The judgment of the district court is, therefore,

Reversed.

7. In *Layne*, this court found that plaintiff's decedent, an Indiana Air National Guard officer, was serving both the United States and Indiana governments at the time of his death. 295 F.2d at 435. This court then quoted with approval the district court's finding that the National Guard officer was killed "incident to service," precluding an FTCA action by his widow. The district court stated that:

> The fact that the United States of America was not exercising its entire power of command or control of Major Layne at the time in question does not remove or destroy the performance of service for, and the status

relationship the Major had with the United States of America, or it with the Major at the time in question. Nor does the fact that Major Layne's status is termed "Inactive Service" mean that he is not in or performing any service. The whole law must be read together to ascertain the meaning of such term which unerringly points to the service status of Major Layne and that in the line of duty, under these facts, [he] was injured and became a casualty incident to such service with the United States of America.

295 F.2d at 435.