**Garon CAMASSAR, Administrator, c. t. a., d. b. n. of the Estate of Carvel P. Gramlich, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 655, Docket 75–6097.**

United States Court of Appeals, Second Circuit.

Argued March 3, 1976.

Decided March 8, 1976.

---

Thomas B. Wilson, Groton, Conn., for plaintiff-appellant.

Benjamin I. Cohen, Law Student Intern (Peter C. Dorsey, U. S. Atty., D. Conn., New Haven, Conn., on the brief), for defendant-appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant is the administrator of the Estate of Carvel P. Gramlich, a petty officer in the United States Navy, who was killed while riding as a passenger in a truck, owned and operated by his shipmate, Chief Charles H. Koblenzer. At issue is whether this wrongful death action, alleging that the accident resulted from the dangerous and defective condition of the pier roadway at the Naval Ammunition Depot in Earle, New Jersey, may be brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, or whether it is barred because the decedent's "injuries arise out of or are in the course of activity incident to [military] service," within the meaning of *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152, 161 (1950).

At the time of the accident, Gramlich was on "authorized liberty." Following an afternoon and early evening ashore, Koblenzer drove Gramlich back to his ship, the U.S.S. Fulton, which was docked at Pier 2 at the Naval Ammunition Depot,[1] in order that he could leave materials which he planned to use in making a model sailboat. After completing his errand aboard the ship, Gramlich rejoined Koblenzer in the truck and, while returning ashore, the vehicle went off the pier and into the water, in consequence of which Gramlich was drowned.

It is conceded that Pier 2 was a naval facility, but appellant argues that the dece-

---

1. The Fulton's home port was Groton, Connecticut, and she was at the Earle, New Jersey, Naval Ammunition Depot on a temporary assignment.

dent was not engaged in an activity incident to his military service when he was killed. In particular, emphasis is laid on the fact that Gramlich was not performing any military duties; that he was in the vicinity of the ship only temporarily and for personal reasons; and that the accident did not occur on the ship itself. Appellant contends that the decedent's military "base" was the ship and that it did not include the pier and ammunition depot.

The district court held against appellant on this issue and granted summary judgment in favor of the United States on the ground that his claim was barred by the holding in *Feres*. *Camassar v. United States*, 400 F.Supp. 894 (D.Conn.1975). We approve and adopt the thorough and well thought-out proposed ruling and discussion of the issues by the Magistrate and the excellent supplemental comments and conclusions stated by the district judge.

 As noted in the opinion below, the decedent's presence on Pier 2 when the accident occurred was not fortuitous but was directly related to the fact that he was serving in the Navy on a vessel docked at that pier. As a general rule an injury to a member of the armed forces, on active duty,[2] which occurs at a military base or installation, or which occurs away from such base or installation but while the serviceman is engaged in the performance of an assigned military duty, is an injury "aris[ing] out of or [is] in the course of activity incident to [military] service", *Feres v. United States, supra*, 340 U.S. at 146, 71 S.Ct. at 159, 95 L.Ed. at 161, for purposes of barring suit under the Federal Tort Claims Act.

The judgment of the district court is affirmed.

---

**2.** Military or naval personnel continue in active duty status even when they are on liberty or on leave which are attributes of active duty, and they remain subject to ultimate military control. If, therefore, a petty officer is injured on a naval base or installation, while on liberty or leave, the general rule would still apply. *Mills v. Tucker*, 499 F.2d 866, 868 (9 Cir. 1974).