680 F.2d 922
 Samuel KOHN, as Administrator of the Goods, Chattels and
Credits which were of Private First Class Marc A.
Kohn, Deceased, and Samuel Kohn and
Goldie Kohn, Individually,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Department of the Army of the
United States of America, Phillip Tackett and
Cathy Marie Southard, Defendants-Appellees.
 No. 787, Docket 81-6201.
 United States Court of Appeals,
Second Circuit.
 Argued March 1, 1982.
Decided June 4, 1982.
 
 Patrick H. Barth, New York City (Sudler & Barth, New York City), for plaintiffs-appellants.
 Richard H. Dolan, Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E.D.N.Y., Miles M. Tepper, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, and KAUFMAN and MANSFIELD, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 Plaintiffs Samuel and Goldie Kohn appeal from a judgment entered in September 1981 by Eugene H. Nickerson, J., of the United States District Court for the Eastern District of New York, dismissing their complaint for lack of subject matter jurisdiction pursuant to defendants' motion to dismiss under Fed.R.Civ.P. 12. Appellants sought $25 million in damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, from the United States, the Department of the Army, and two commanding officers, Phillip Tackett and Cathy Marie Southard. Appellants concede that the district court lacked personal jurisdiction over Tackett and Southard and that the Department of the Army cannot be sued in its own name. They challenge here only the district court's dismissal of their complaint against the United States on the ground that Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), bars their claims.
 
 
 2
 This lawsuit was precipitated by events surrounding the death of appellants' son, Marc A. Kohn. According to the complaint, at the time of his death, Marc Kohn was on active duty as a private first class in the United States Army. He was assigned to the drug suppression team at Fort Campbell, Kentucky. While at Fort Campbell, Marc Kohn worked with George Marshall Hale, a Soldier Specialist Fourth Class also assigned to the drug suppression team. After Marc Kohn and Hale had argued about the use of informants several days before, Hale shot Marc Kohn to death on January 29, 1980. Hale was subsequently convicted by a general court-martial of involuntary manslaughter in violation of Article 119 of the Uniform Code of Military Justice, 10 U.S.C. § 919, and was confined at Fort Leavenworth, Kansas.
 
 
 3
 Appellants brought this action both as administrators of their deceased son's estate and in their own right. The complaint alleges three causes of action. The first two seek to hold the United States liable for $21 million in damages for their son's conscious pain and suffering and for the parents' loss of his society, support and services. In these causes of action, appellants allege that Tackett and Southard knew or should have known of the disagreements between their son and Hale and were negligent in failing to take steps to prevent the shooting. They also claim that the Army had failed "to properly train George Marshall Hale in when and how a gun was to be used." Finally, appellants allege that Hale intentionally injured their son.
 
 
 4
 In their third cause of action, appellants seek recovery of $4 million for emotional distress allegedly inflicted on them by the Army's treatment of them subsequent to their son's death. In this cause of action, appellants allege that "(f)or a period exceeding three months subsequent to the death of their son, the Army either suppressed information from, or released fraudulent information to" them, thus "intentionally, maliciously and needlessly inflicting severe emotional distress upon the bereaved parents." On appeal, appellants make additional allegations regarding the Army's mistreatment of them. In this court, they contend that the Army coerced them into agreeing to an autopsy, although an autopsy violated their religious beliefs, negligently advised them that their son died in an accidental shooting, negligently lost or destroyed their son's personal effects, negligently failed to provide an honor guard for their son's burial, wrongfully sent a copy of their son's autopsy report complete with photographs to their home, wrongfully continued to send recruitment literature to their home, and wrongfully prevented servicemen from discussing their son's death with them. Appellants state that they would include these allegations in their complaint if granted leave to replead.
 
 
 5
 Judge Nickerson found that all of appellants' claims were barred by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which in his view held that a member of the armed forces can not recover under the FTCA for injuries incident to military service. Judge Nickerson further held that a 1974 amendment to 28 U.S.C. § 2680(h), which waived sovereign immunity for certain intentional misconduct by law enforcement officers, did not alter in any way the principles set forth in Feres.[1]
 
 
 6
 We affirm Judge Nickerson's disposition of appellants' claims in the first two causes of action. We reverse and remand, however, with respect to the dismissal of appellants' claims in the third cause of action.
 
 I.
 
 7
 In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court examined three companion cases involving the negligent infliction of injuries upon military servicemen. In determining that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," id. at 146, 71 S.Ct. at 159, the Court looked not only at whether a parallel liability against private individuals existed but also at various policy considerations. These policy considerations included the following: (1) application of local tort law under the FTCA would disrupt the uniform conduct of military activities by imposing standards of care that varied from state to state; (2) Congress had provided alternative statutory compensation schemes for military personnel; and (3) permitting suits under the FTCA by military personnel for service-related injuries would unduly interfere with military discipline. Although the Court has largely abandoned the parallel private liability test, Rayonier, Inc. v. United States, 352 U.S. 315, 319, 77 S.Ct. 374, 376, 1 L.Ed.2d 354 (1957); Indian Towing Co. v. United States, 350 U.S. 61, 64-65, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955); see generally Note, From Feres to Stencel : Should Military Personnel Have Access to FTCA Recovery?, 77 Mich.L.Rev. 1099, 1102-04 (1979) (Michigan Note), it has continued to adhere to the policy arguments set forth in Feres. In Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), the Court reiterated these policy considerations at some length in rejecting a third party's claim for indemnity from the United States for money paid to military personnel who could not recover directly from the government. Id. at 671-74, 97 S.Ct. at 2057-2059. Thus, although Feres remains a controversial decision, we are bound by the Supreme Court's continuing adherence to it. E.g., LaBash v. United States Department of the Army, 668 F.2d 1153, 1156 (10th Cir. 1982); see generally Michigan Note, supra (critical discussion of Feres doctrine).
 
 
 8
 Here, Feres plainly bars the claims raised in the first two causes of action in the complaint. First, the injuries suffered by the decedent were certainly incidental to military service. The courts have enumerated numerous tests for determining whether injuries are service-related. Note, The Federal Tort Claims Act: A Cause of Action for Servicemen, 14 Val.U.L.Rev. 527, 557-64 (1980). Relying on Feres, this court stated in Camassar v. United States, 531 F.2d 1149 (2d Cir. 1976) (per curiam), that:
 
 
 9
 As a general rule an injury to a member of the armed forces, on active duty, which occurs at a military base or installation, or which occurs away from such base or installation but while the serviceman is engaged in the performance of an assigned military duty, is an injury 'aris(ing) out of or (is) in the course of activity incident to (military) service', ... for purposes of barring suit under the Federal Tort Claims Act.
 
 
 10
 Id. at 1151 (cite and footnote omitted) (bracketed material in original). We also noted that military personnel "continued in active duty status even when they are on liberty or on leave." Id. n.2. Under this test, Marc Kohn's injuries (and derivatively, those alleged in the second cause of action) were service-related because they occurred while he was on active duty at a military base.
 
 
 11
 Second, contrary to appellants' assertions, the Feres doctrine applies to both negligent and intentional torts, absent specific statutory exceptions. Although Feres involved only negligent torts, the policy considerations set forth there are equally germane when intentional tortious misconduct is alleged. Hence, this court has held that Feres bars servicemen's claims for injuries due to intentional torts, Rotko v. Abrams, 338 F.Supp. 46, 47 (D.Conn.1971), aff'd, 455 F.2d 992 (2d Cir. 1972) (per curiam), and other circuits have adopted this view, Lewis v. United States, 663 F.2d 889 (9th Cir. 1981); Jaffee v. United States, 663 F.2d 1226, 1235 (3d Cir. 1981) (en banc); Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1152 (5th Cir. 1981); Citizens National Bank of Waukegan v. United States, 594 F.2d 1154, 1157 (7th Cir. 1979). It is therefore immaterial under Feres whether Hale shot Marc Kohn intentionally rather than negligently.
 
 
 12
 Third, the 1974 amendment to 28 U.S.C. § 2680(h) does not alter the analysis under Feres. Section 2680(h), see note 1 supra, waives sovereign immunity when an assault or battery is committed by "investigative or law enforcement officers of the United States Government ... who (are) empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Appellants claim that Hale qualified as a law enforcement officer under section 2680(h), and that their claims are therefore not barred by sovereign immunity. The legislative history of the amendment reveals, however, that it was enacted in response to abuses of the federal "no-knock" search provisions, 21 U.S.C. § 879, such as those that occurred during the notorious Collinsville raids. S.Rep.No.588, 93d Cong., 2d Sess. 2-4, reprinted in 1974 U.S.Code Cong. & Ad. News 2789, 2790-92; see generally Boger, Gitenstein & Verkuil, The Federal Tort Claims Act International Torts Amendment: An Interpretive Analysis, 54 N.C.L.Rev. 497, 500-07 (1976) (legislative history of 28 U.S.C. § 2680(h)). Because this amendment focused on protecting civilians from unwarranted intrusions by the State, we do not find that Congress intended to alter the judicial treatment of purely intra-military torts set forth in Feres. The Seventh Circuit has indicated that it would reach the same conclusion with respect to the impact of this amendment on the Feres doctrine. Citizens National Bank of Waukegan v. United States, 592 F.2d at 1158 n.9. We do not, however, reach the issue of the 1974 amendment's relevance when a military correctional officer, such as Hale, injures a civilian.
 
 
 13
 In sum, Judge Nickerson correctly concluded that Feres bars the claims made in the first two causes of action in the complaint.
 
 II.
 
 14
 By contrast, Feres does not necessarily bar the claims raised by appellants in their own right in the third cause of action. Courts have recognized that the Feres doctrine does not preclude recovery for independent, post-service negligent acts by the military, whether the plaintiff be a serviceman or civilian. United States v. Brown, 348 U.S. 110, 112-13, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954); LaBash v. United States Department of the Army, 668 F.2d at 1156-57 n.6; Broudy v. United States, 661 F.2d 125, 128 (9th Cir. 1981); Stanley v. Central Intelligence Agency, 639 F.2d at 1153-54. As Stencel itself illustrates, civilian status alone is not sufficient to lift the bar under Feres when a claim involves the same issues as if a serviceman himself sued, for then the relevant policy considerations apply with equal force. Monaco v. United States, 661 F.2d 129, 133-34 (9th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 2269, 72 L.Ed.2d ---- (1982). Here, however, appellants' claims derive from events that occurred only after their son's death. Moreover, the wrongful acts alleged are completely independent of the purported negligent and intentional misconduct that led to their son's demise. As a consequence, the issues presented are not those that would have been raised by Marc Kohn had he himself sued.
 
 
 15
 The government contends that appellants' claims of direct injury to themselves are nevertheless barred because they constitute an action for misrepresentation or deceit, as to which the government has not waived immunity, 28 U.S.C. § 2680(h). See note 1 supra. Although the misrepresentation and deceit exceptions encompass both negligent and willful failure to provide accurate information, United States v. Neustadt, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961), these exceptions have generally been applied only to actions for damages due to commercial decisions that were predicated on incorrect or incomplete information. Id. at 711 n.26, 81 S.Ct. at 1302 n.26; Green v. United States, 629 F.2d 581, 583-85 (9th Cir. 1980). Because the context here is hardly commercial in nature, we do not believe that appellants' claims are necessarily barred as an action for misrepresentation or deceit.
 
 
 16
 The government further argues that appellants' claims are barred by the "discretionary function" exception under 28 U.S.C. § 2680(a) because appellants are simply attempting to subvert the outcome of a military court-martial and thereby hamper prosecutorial discretion.[2] Yet, appellants' claims are not premised on an alleged abuse of prosecutorial discretion, cf. Smith v. United States, 375 F.2d 243, 248 (5th Cir.), cert. denied, 389 U.S. 841 (1967) (§ 2680(a) exempts government from liability for exercising discretion inherent in Attorney General's prosecutorial function), but instead are predicated on the Army's alleged misconduct in direct dealings with them after their son's death. Thus, they challenge not the prosecutor's treatment of Hale but the Army's mistreatment of them. Hence, the "discretionary function" exception does not plainly bar their claim.
 
 
 17
 We therefore reverse and remand to permit appellants to proceed with their third cause of action for direct injury, and to amend it to include the new allegations raised on appeal. We do not condone the raising of "claims" on appeal that were not presented to the district court. However, reversal as to the third cause of action is required in any event for the reasons stated above. In this case involving an unfortunate and untimely death, therefore, we wish to make clear that appellants are free to assert these new claims in the first instance in the district court. We express no view as to the merits of such an amended complaint nor do we suggest that on remand, appellants will necessarily be able to satisfy all relevant jurisdictional requirements.
 
 
 18
 The judgment of the district court is affirmed in part and reversed in part, with instructions to remand to permit appellants to amend their third cause of action. Each party shall bear its own costs.
 
 
 
 [1]
 Section 2680(h) provides in relevant part as follows:
 The provisions of this chapter and section 1346(b) of this title shall not apply to-
 (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.
 
 
 [2]
 Section 2680(a) provides in relevant part as follows:
 The provisions of this chapter and section 1346(b) of this title shall not apply to-
 (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.