Margaret **LAYNE**, Executrix of the Estate of William J. Layne, Deceased, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 13318.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1961.

Rehearing Denied Nov. 3, 1961.

Ralph Hamill, John P. Price, Joseph A. Kutch, Indianapolis, Ind., for plaintiff-appellant; Hollowell, Hamill & Price, Indianapolis, Ind., of counsel.

Alan S. Rosenthal, Appellate Section, U. S. Dept. of Justice, Washington, D. C., Richard P. Stein, U. S. Atty., Indianapolis, Ind., William H. Orrick, Jr., Asst. Atty. Gen., Don A. Tabbert, U. S. Atty., Indianapolis, Ind., Morton Hollander, Mark R. Joelson, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Margaret Layne, Executrix of the Estate of William J. Layne, Deceased, sued under the Federal Tort Claims Act [Title 28, U.S.C.A. § 1346 (b)] to recover damages for his wrongful death.

The Complaint alleged that on July 2, 1959, the decedent, Major Layne, a member of the Indiana Air National Guard, while the pilot of an F–84–F jet fighter aircraft on a training flight, was fatally injured through the negligence of civilian employees of the United States at Hulman Field, Terre Haute, Indiana, where the control tower and all facilities, including safety devices operable from the control tower, were in the exclusive control of the United States, acting through its civilian employees.

The United States moved for summary judgment in its favor on the ground that Major Layne died from a service-connected disability incurred in the active air service of the United States in peacetime (for which Mrs. Layne was receiving compensation pursuant to the provisions of the Veterans' Benefits Act [Title 38 U.S.C.A. § 101 et seq.]) which precluded recovery under the Federal Tort Claims Act. Affidavits, exhibits, and stipulations of the parties were submitted in support of and in opposition to this motion.

The District Court found no genuine issue as to any material fact, and granted the motion for summary judgment, in

favor of the United States, from which Mrs. Layne took this appeal.

The pertinent facts may be summarized as follows: Major Layne was in the active service of the Indiana Air National Guard. Both the Guard and Major Layne, individually, were recognized by the United States as part of the reserve components of the United States military establishment, classified as "inactive service." At the time of the injury out of which this case arises, Major Layne was on a duty training flight.

Neither counsel, the District Court, nor this Court, have found any published decision relating to the right of a member of the National Guard to maintain an action against the United States under the Federal Tort Claims Act.

■ Members of the armed forces of the United States on active duty may not maintain an action against the United States under the Act. In Feres v. United States, 1950, 340 U.S. 135, at page 146, 71 S.Ct. 153, at page 159, 95 L.Ed. 152, the Supreme Court said:

"* * * [T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence."

■ In a carefully reasoned opinion the learned District Judge traced the history of the National Guard in the United States, from the authority for its existence in the Constitution, Art. 1, § 8 (1787), through its implementation in The National Guard Act, Title 32, U.S.C.A., the amended 1851 Constitution of the State of Indiana, Art. 12, §§ 1–5,

the Indiana Military Code, Chap. 187, Burns' Indiana Statutes, §§ 45–1801 through 45–2805 (1953). From a close study of these Constitutions and statutes, the District Judge concluded that Major Layne held a dual legal relationship to the United States and to the State of Indiana at all pertinent times in question. Both Constitutions empower the United States and the State to create and maintain a National Guard and its personnel. Thus Indiana National Guard members may be in the "active" or "inactive" service of the respective State and National governments. The District Judge found that:

"Major Layne was a commissioned officer who took an oath of office prescribed by both the national and state laws to support and defend the National Constitution against all enemies, foreign and domestic, bear true faith and allegiance to it, obey the orders of the President of the United States, and that he would well and faithfully discharge the duties of his office. Major Layne was at the time in question a part of the reserve components of the defendant's military establishment. Major Layne qualified for and received a regular pay allowance from the defendant under the said national laws. Title 31 U.S.C.A. 698. Major Layne was qualified for and his surviving dependents received the pension and other benefits under said national laws. Title 38 U.S.C.A. 101. With the foregoing factors and others prescribed in the said laws, it cannot be said that the term "Inactive Service" means that he was not in the service of the defendant at the time in question, even though he was at the time following the orders or command of the State of Indiana in his described dual relationship." [190 F.Supp. 535.]

Plaintiff relies on a line of cases[1] which involve injured civilians who seek

1. Plaintiff relies principally on Williams v. United States, 10 Cir., 1951, 189 F.2d 607; Dover v. United States, 5 Cir., 1951, 192 F.2d 431; McCranie v. United States,

to recover under the Federal Tort Claims Act for negligence of National Guardsmen on inactive duty. The District Court distinguished these cases as holding that the United States is not responsible for the alleged negligent National Guardsmen under the rule of *respondeat superior* because in those cases the National Guardsmen were not employees of the United States.

We agree that the distinction is a valid one. In dealing with the two concepts the Ninth Circuit said:

"* * * [T]he test here is whether the injured serviceman was engaged in 'activity incident to service' at the time he was injured. That this is a much broader test than the 'scope of employment' test used for *respondeat superior* purposes is clear from the facts of the Feres case itself and from the numerous circuit court cases which have interpreted and applied Feres." [Callaway v. Garber, 9 Cir., 1961, 289 F. 2d 171, 173]

The cases cited by Plaintiff do not negative the dual relationship of a National Guardsman, who may at a given time be in the exclusive service of the State, or, as in the case before us, in the dual capacity of serving both United States and State governments.

The District Judge reasoned that:

"In this case, Major Layne at the time in question was performing limited service of the United States of America in a military status even though he was also executing at the same time the commands of the State of Indiana; received pay from the United States of America for the training flight in question even though he was executing at the same time the commands of the State of Indiana; operated a jet plane of the United States of America and at the time in question had the direct duty to the United States of America to safeguard such plane even though he was executing at the same time the commands of the State of Indiana; and his dependent survivors received pensions and other benefits by reason of his death occurring in a service-connected accident even though he was executing at the same time the commands of the State of Indiana. Under the said laws, Major Layne was not in the same non-service status with the United States of America as that of a non-military private citizen of this country. The fact that the United States of America was not exercising its entire power of command or control of Major Layne at the time in question does not remove or destroy the performance of service for, and the status relationship the Major had with the United States of America, or it with the Major at the time in question. Nor does the fact that Major Layne's status is termed "Inactive Service" mean that he is not in or performing any service. The whole law must be read together to ascertain the meaning of such term which unerringly points to the service status of Major Layne and that in the line of duty, under these facts, [he] was injured and became a casualty incident to such service with the United States of America.

"Major Layne's accident occurred in the line of duty and incident to his service with the United States of America, * * *. Feres v. United States of America, supra; Richard

5 Cir., 1952, 199 F.2d 581; MacKay v. United States, D.C.Conn.1949, 88 F. Supp. 696; Glasgow v. United States, D.C.N.D.Ala.1951, 95 F.Supp. 213; Leary v. United States, D.C.N.H.1960, 186 F.Supp. 953. Plaintiff also cites Elmo v. United States, 5 Cir., 1952, 197 F.2d 230. In that case it was stipulated that the National Guardsman accused of negligence was also employed as a civilian unit caretaker of United States government property. The Court there held that in the capacity of caretaker the National Guardsman was a United States employee within the meaning of the Federal Tort Claims Act.

**436**

W. Buer v. United States of America
241 F.2d 3, 64 A.L.R.2d 674."

Plaintiff argues that the District Court erred in holding that receipt of federal statutory benefits precluded action under the Federal Tort Claims Act, citing Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200; United States v. Brown, 1954, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139; Archer v. United States, 9 Cir., 1954, 217 F.2d 548. Neither Brooks nor Brown involved injuries incurred as an incident to military service. The benefits received in the instant case were predicated in part on a finding by the Veterans' Administration that Major Layne's death was service-connected. In Archer, the Court did say, at page 551:

"It is by no means established that the claim or acceptance of benefits under the statutes for service men and their dependents tends to establish a waiver or estoppel against pursuing a remedy under the Tort Claims Act, *if one existed.*" [Emphasis added.]

But the Court in Archer concluded:

"The Trial Court was undoubtedly correct in holding that a cadet riding under military discipline on an army plane under control of a superior officer has no claim under the Act for injury sustained through whatever cause. This principle would not vary even though the service man were on leave and whether he were on the plane voluntarily or by command. He was in line of duty. Under such circumstances, his parents could not recover for his death. * * * Undoubtedly, under the situation disclosed by the record, plaintiffs have no right against the United States. * * * [T]he complaint did not state a cause of action or a claim upon which relief could be granted."

Other arguments advanced on behalf of plaintiff have been considered and found to be lacking in merit. The judgment of the District Court is affirmed.