Mario COLETTA

v.

UNITED STATES of America and
Major Joseph F. McCann,
alias John Doe.

Civ. A. No. 3940.

United States District Court
D. Rhode Island.

April 29, 1969.

B. Lucius Zarlenga, Bernard C. Gladstone, Providence, R. I., for plaintiff.

Edward P. Gallogly, U. S. Atty., William J. Gearon, Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION

DAY, Chief Judge.

In this action the plaintiff seeks to recover damages for injuries alleged to have been sustained by him as the result of the alleged negligence of the defendants. Jurisdiction of this Court is alleged to exist under the provisions of 28 U.S.C. § 1346(b) and the Tort Claims Act, 28 U.S.C. § 2671 et seq.

In his complaint the plaintiff alleges that he is a resident of Rhode Island and that on April 30, 1966 he was "a civilian, not in the Armed Forces of the United States but merely a member of the National Guard of the State of Rhode Island"; that on April 30, 1966, the plaintiff together with other members of his National Guard Unit, the 1043 Ordnance Company, were at Camp Edwards, Massachusetts for weekend firing exercises for the purpose of annual qualification in firing of the M–1 rifles and carbines, and familiarization in firing other types of weapons.

He further alleges that on said date Camp Edwards was under the jurisdiction and control of the United States Army; that the defendant Major Joseph F. McCann was the commanding officer of this military installation; that on April 30,

1966, after the plaintiff and other members of his National Guard unit had completed their exercises for that day, the defendant Major Joseph F. McCann negligently, in complete disregard for the lives, safety and well being of National Guard personnel issued an order over the protest of National Guard officers in charge and ordered unqualified National Guard personnel to police a firing range known as "K" range and to retrieve the expended 3.5 inch rocket shells from the hazardous impact area after use; that the plaintiff, a member of said policing detail and at all times in the exercise of due care on his part, was permanently injured by an explosion within said impact area, suffered great pain and required medical and hospital treatment and incurred expenses therefor, for all of which he seeks judgment against either or both of the defendants in this action.

Each of said defendants has moved to dismiss this action. The Government contends that said action should be dismissed under the provisions of Rule 12 (b) (6) of the Federal Rules of Civil Procedure because plaintiff's complaint fails to state a claim upon which relief can be granted. Its co-defendant, Major Joseph F. McCann, contends that as to him said action should be dismissed under the provisions of Rule 12(b) (2), (3) and (5) of said Federal Rules of Civil Procedure because of lack of jurisdiction over his person, improper venue and insufficiency of service of process.

■ I shall first discuss the motion of the defendant Major Joseph F. McCann. It is clear from an examination of the allegations of said complaint that there are no jurisdictional allegations which if proven would confer jurisdiction upon this Court to determine the merits of the claim asserted by plaintiff against him. Clearly he is not suable in this forum under the provisions of 28 U.S.C. § 1346 (b) or 28 U.S.C. § 2671 et seq. This action must be and hereby is dismissed as to him for want of jurisdiction.

In support of its motion to dismiss said action on the ground that plaintiff's complaint fails to state a claim upon which

relief can be granted, the Government contends that the rule laid down in Feres v. United States, 1956, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, precludes the maintenance of this action by the plaintiff.

■ It is well settled that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Ballou v. General Electric Company, 1968, 1 Cir., 393 F.2d 398.

■ Although in his complaint the plaintiff alleges that "on April 30, 1966, the plaintiff was a civilian, not in the Armed Forces of the United States but merely a member of the National Guard of the State of Rhode Island" it is, in my opinion, clear from the allegations of his complaint that he was then a member of the Army National Guard.

Section 30–3–1 of Chapter 3 of the General Laws of Rhode Island, 1956, provides as follows:

"30–3–1 Composition and organization.—The national guard shall consist, of such number of federally recognized general officers, officers, warrant officers and enlisted men, duly commissioned, warranted or enlisted therein, including officers and enlisted men of the staff corps and departments, and organized as to branch or arm of service, into such federally recognized units, organizations, corps, departments or otherwise as shall be authorized by the laws of the United States and the regulations issued thereunder."

Section 101 of 32 U.S.C. provides in pertinent part as follows:

■ "Army National Guard" means that part of the organized militia of the several States * * *, active and inactive, that—

(A) is a land force;

(B) is trained, and has its officers appointed, under the sixteenth clause

of section 8, article I, of the Constitution;

(C) is organized, armed, and equipped wholly or partly at Federal expense; and

(D) is federally recognized.

(5) "Army National Guard of the United States" means the reserve component of the Army all of whose members are members of the Army National Guard."

As a member of the Army National Guard, plaintiff was required under the provisions of 32 U.S.C. § 502 to participate in training at encampments, maneuvers, outdoor target practice or other exercises, at least fifteen (15) days each year. From the allegations of his complaint it is obvious that he was complying with this requirement on April 30, 1966 when he sustained the injuries of which he complains. Under the circumstances, he became entitled to the compensation for disablement provided under the provisions of 32 U.S.C. § 318 which reads as follows:

"Compensation for disablement during training.

A member of the National Guard is entitled to the hospital benefits, pensions, and other compensation provided by law or regulation for a member of the Regular Army or the Regular Air Force, as the case may be, of corresponding grade and length of service, whenever he is called or ordered to perform training under sections 502, 503, 504 or 505 of this title—

* * *

(2) for any period of time, and is disabled in line of duty from injury while so employed."

The Government contends that since the plaintiff is entitled to the compensation provided in 32 U.S.C. § 318, it is not liable under said Tort Claims Act for his injuries. In holding that the Government is not liable under said Act for injuries to servicemen where the injuries arose out of or are in the course of activity incident to military service, the Supreme Court in Feres v. United States, supra, said at page 139 of 340 U.S., at page 156 of 71 S.Ct.:

"This Act, however, should be construed to fit, so far as will comport with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole. The Tort Claims Act was not an isolated and spontaneous flash of congressional generosity. It marks the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit."

And at page 144, 71 S.Ct. at page 158, the Supreme Court further said:

"This Court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain and uniform compensation for injuries or death of those in armed services. We might say that the claimant may (a) enjoy both types of recovery, or (b) elect which to pursue, thereby waiving the other, or (c) pursue both, crediting the larger liability with the proceeds of the smaller, or (d) that the compensation and pension remedy excludes the tort remedy. There is as much statutory authority for one as for another of these conclusions. If Congress had contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedy to each other. The absence of any such adjustment is persuasive that there was no awareness that the Act might be interpreted to permit recovery for injuries incident to military service."

From the allegations of the plaintiff's complaint it is clear beyond question that his alleged injuries occurred in the line of duty and incident to his military service with the United States. Under the circumstances, he has no claim under the Tort Claims Act. Feres v. United

States, supra; Layne v. United States, 1961, 7 Cir., 295 F.2d 433.

The motion of the United States of America to dismiss is granted.