Deborah L. SPAIN, Personal Representative of Howard V. Spain, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 77–64–M.

United States District Court, D. Montana, Missoula Division.

June 30, 1978.

Murphy, Robinson, Heckathorn & Phillips, Murray, Donahue & Kaufman, Kalispell, Mont., for plaintiff.

Robert T. O'Leary, U. S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Deborah L. Spain, widow and personal representative of the Estate of Howard V. Spain, deceased, sues the United States under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) to recover damages for his wrongful death. Spain was killed while training with the Montana National Guard. The death occurred as a result of a motor vehicle accident, and it is alleged that officers of the United States negligently permitted another member of the National Guard to drive the motor vehicle while drunk. It is alleged that at the time of the accident the Montana National Guard was not in the federal service of the United States. The United States has moved to dismiss. That motion is granted.

In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court held that the Government was not liable to servicemen where the injuries arose "in the course of activity incident to service." Since *Feres* the case law has established the proposition that a National Guardsman is in military status and in the service of the United States while training with the National Guard even though at the time of the injury the National Guardsman is described as being in "inactive service." *Layne v. United States,* 295 F.2d 433, 435 (7th Cir. 1961);

*Coletta v. United States,* 300 F.Supp. 19, 20–21 (D.R.I. 1969). *See also Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977).

Plaintiff's argument is that, because the doctrine of *respondeat superior* does not apply as between the United States and a National Guardsman on inactive duty (*Maryland v. United States,* 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965)), the decedent here was not an employee of the United States and that hence the doctrine of *Feres* should not apply to him. There is a persuasive logic about the argument, but it has been decided that a person need not be an employee of the United States to be in an "activity incident to service." *Layne v. United States,* 295 F.2d 433, 435 (7th Cir. 1961). The distinction made in *Layne* is based upon the language appearing in *Callaway v. Garber,* 289 F.2d 171, 173 (9th Cir. 1961), to the effect that the term "activity incident to service" embraces more than the term "scope of employment."

IT IS THEREFORE ORDERED that the plaintiff's complaint be dismissed and that the plaintiff be denied all relief, without prejudice, however, to whatever rights plaintiff may have under any law other than the Federal Tort Claims Act.

Let judgment be entered accordingly.