**Ross J. LANINGHAM, Plaintiff,**

v.

**UNITED STATES NAVY, Defendant.**

**Civ. A. No. 80–2694.**

United States District Court,
District of Columbia.

Dec. 31, 1980.

Robert C. Liotta, Washington, D. C., for plaintiff.

Charles F. Flynn, Asst. U. S. Atty., Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER

NORMA HOLLOWAY JOHNSON, District Judge.

This matter is before the Court on plaintiff's motion for a preliminary injunction, which is opposed by defendant. Plaintiff, a member of the United States Navy Reserve, seeks back pay, allowances, and disability benefits. Defendant urges that plaintiff is not entitled to injunctive relief for the reason that the court lacks jurisdiction over the subject matter.

Preliminary injunctive relief is an extraordinary equitable remedy that is granted only when the moving party has established (1) a likelihood of success on the merits, (2) irreparable injury, (3) maintenance of the status quo favors relief, and (4) the public interest will be served by the grant of such relief. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 559 F.2d 841 (1977); *Virginia Petroleum Jobbers v. Federal Power Commission*, 110 U.S.App.D.C. 339, 293 F.2d 527 (1958). Each factor will be considered separately.

In determining whether to grant or deny a motion for preliminary injunctive relief, the Court must first consider the likelihood of success on the merits. Plaintiff contends he was found disabled for service by the Naval Physical Disability Review Board and received military pay, allowances, and disability benefits until he was terminated on July 1, 1980. Plaintiff is now awaiting *de novo* consideration of his disability status before the Naval Physical Disability Review Board. Plaintiff maintains that defendant's refusal to pay him during this period is in violation of 10 U.S.C. § 6148 (1976) and SECNAVINST 1770.3, which, provides that Naval Reserve members are entitled to disability pay and allowances during disability proceedings. Plaintiff claims that he has exhausted all administrative remedies known to him.

Defendant has presented unrebutted evidence that plaintiff has two applications pending before the Board for Correction of Naval Records seeking the same relief requested in this action. In addition, defendant maintains that plaintiff is seeking damages in excess of $10,000 and this Court lacks jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2) (1976) and 28 U.S.C. § 1491 (1976).

The Court finds that plaintiff has not exhausted his administrative remedies. Of even greater import is the question of whether this Court has subject matter jurisdiction. After full consideration, the Court finds and concludes the plaintiff has failed to demonstrate a likelihood of success on the merits.

Plaintiff alleges that he is irreparably harmed because he has exhausted all his savings and is unable to pay his debts. The Court, recognizing that plaintiff may be injured by the termination of the disability checks, is limited to a determination of whether the injury plaintiff alleges is irreparable. The Court finds that the plaintiff has failed to demonstrate an irreparable injury.

Plaintiff contends his financial situation is critical and he requires immediate relief. Defendant argues that the plaintiff should not be allowed to circumvent the military administrative process. The record on this issue and arguments of counsel are insufficient to demonstrate that more harm will result to plaintiff from a denial of the injunction than will result to the defendant from a grant of the injunction.

The Court, in determining whether to grant a preliminary injunction, must decide

if the public interest would be best served by the injunction. The Court is of the opinion that the plaintiff has not met his burden in demonstrating the public interest would be favored by a grant of the injunction.

Upon consideration of the motion, the opposition, together with the memoranda of points and authorities, arguments of counsel, supplemental memoranda, and the entire record, the Court finds and concludes that plaintiff has failed to carry his burden with respect to the prerequisites required before preliminary injunctive relief may be granted.

WHEREFORE, it is this 31st day of December, 1980,

ORDERED that the motion of the plaintiff for a preliminary injunction be and hereby is denied.