**Edward BLOSS and Martha Bloss, Plaintiffs,**

v.

**The UNITED STATES of America, Department of the Army and Department of Defense, Defendants.**

**No. 82–CV–122.**

United States District Court, N. D. New York.

June 23, 1982.

Gustave Di Bianco, U. S. Atty., Syracuse, N. Y., for defendants; George A. Yanthis, Asst. U. S. Atty., Albany, N. Y., of counsel.

MINER, District Judge.

## MEMORANDUM–DECISION and ORDER

### I

This action has been brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., (hereinafter FTCA) to recover damages for injuries sustained by Sergeant First Class Edward T. Bloss, a New York State National Guardsman, when the military jeep which he was driving overturned. According to the complaint, the jeep, upon which was mounted an M–106 recoilless rifle, had been manufactured and designed by the Ford Motor Company in conjunction with defendants United States, Department of Defense and Department of the Army.[1] It is the plaintiff's contention that the added weight of the M–106 raised the center of gravity of the vehicle, thus making it unreasonably prone to capsizing. Plaintiff seeks $1,250,-000 in damages for breach of the Government's alleged duty to warn the plaintiff of the latent danger of the vehicle, and $1,250,000 in strict liability for the allegedly defective design of the jeep. In addition, Martha Bloss, plaintiff's wife, seeks $250,-000 on a claim based upon loss of consortium.

Before the Court is a motion to dismiss the complaint, Fed.R.Civ.P. 12(b)(6), or, in the alternative, for summary judgment, Fed.R.Civ.P. 56. Since the motion is addressed to the sufficiency of the complaint, it will be treated solely as one to dismiss. Fed.R.Civ.P. 12(b)(6).

### II

On June 7, 1979, Sergeant Bloss was operating the jeep on a public road in the Town of Broadalbin, Fulton County, when

E. Stewart Jones, Troy, N. Y., for plaintiffs; Robert M. Cohen, Troy, N. Y., of counsel.

1. Since the Federal Tort Claims Act provides a remedy only against the United States and not against its constituent agencies, the claims against the Department of Defense and the Department of the Army must be dismissed.

*Kohn v. U. S.*, 680 F.2d 922 (2d Cir. 1982); *Myers & Myers, Inc. v. U. S. Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975). Accordingly, the complaint will be considered as one against the United States only.

the vehicle rolled over, causing him serious injury. At the time of the accident, Bloss was a full time recruiter in active duty status with the New York State National Guard and was on his way to an area high school in connection with his recruiting activities. According to the complaint, Bloss was operating the vehicle "pursuant to and in accord with his military assignment, orders and employment." (Complaint, ¶ 20.)

### III

A motion to dismiss for failure to state a claim may be granted only when, accepting all of the plaintiff's allegations as true, the complaint fails to state a claim upon which some relief may be granted. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1975). The complaint will not be dismissed unless "some insuperable bar to relief" is apparent on the face of the complaint. *Battle v. Liberty National Life Insurance Co.*, 493 F.2d 39, 44 (5th Cir. 1974).

■ It is well settled, and the plaintiff does not argue, that the Government may not be held liable under the FTCA for injuries to servicemen when the "injuries arise out of or are in the course of activity incident to service." *Feres v. U. S.*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). *Stencel Aero Engineering Corp. v. U. S.*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). The term "incident to service" has been broadly interpreted and is not restricted to actual military operations or maneuvers. *See Camassar v. U. S.*, 531 F.2d 1149 (2d Cir. 1976); *see also Hass v. U. S.*, 518 F.2d 1138, 1141 (4th Cir. 1975). Plaintiff specifically alleges that his injuries arose out of his military service.

■ In order to escape the bar of *Feres*, plaintiff argues that this immunity doctrine has no application to claims asserted by national guardsmen who, as in this instance, have not been federalized. In support of his contention plaintiff points out that, under the FTCA, the Federal Government is not responsible for the tor-

tious conduct of guardsmen who have not been federalized, since they are considered employees of the state. *Maryland v. U. S.*, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965); *Rhodes v. U. S.*, 574 F.2d 1179, 1180 n.1 (5th Cir. 1978). In addition, plaintiff argues that in an earlier action against the State of New York arising out of the same incident, the New York Court of Claims found that Bloss was in the military service of the state at the time of the accident, and, therefore, was barred from suit under state law. *See Bailey v. State of New York*, 72 A.D.2d 889, 422 N.Y.S.2d 168 (3rd Dept. 1979). It is the plaintiff's contention, therefore, that the *Feres* exception applies only to federal military personnel, and that, as a state employee, he must be considered a civilian for *Feres* purposes.

This argument is not persuasive, however, since a guardsman need not be an employee of the United States to fall within the *Feres* exception. *Layne v. United States*, 295 F.2d 433 (7th Cir. 1961); *Spain v. United States*, 452 F.Supp. 585 (D.Mont. 1978); *Misko v. United States*, 453 F.Supp. 513, 514 (D.D.C.1978); *see also Stencel Aero Engineering Corp. v. U. S.*, *supra*. Moreover, the policy considerations underlying the court's decision in *Feres* apply without regard to which employer the guardsman serves. These considerations include the following: "(1) application of local tort law under the FTCA would disrupt the uniform conduct of military activities by imposing standards of care that varied from state to state; (2) Congress had provided alternative statutory compensation schemes for military personnel; and (3) permitting suits under the FTCA by military personnel for service-related injuries would unduly interfere with military discipline." *Kohn v. U. S.*, 680 F.2d 922 at 925 (2d Cir. 1982). *See Stencel*, *supra*, at 671, 97 S.Ct. at 2057. In the case at bar, federal military activities would be unduly disrupted in the absence of the application of the *Feres* rule since the liability of the United States in supplying the Army National Guard with the same types of arms and equipment as are issued

to the Army, 32 U.S.C. § 701,[2] would depend on the application of local products liability law. Secondly, an alternative statutory compensation scheme, albeit established under state law, is available to the plaintiff. Lastly, to permit such suits would be to allow obvious interference with military discipline. For the same reasons, plaintiff's contention that the state court's determination that he was in the military service of the state is entitled to "full faith and credit" (affidavit of Robert M. Cohen) and, therefore, that *Feres* is inapplicable, is equally unpersuasive. In addition, the state court's determination does not preclude a finding that plaintiff also was in federal service, since national guardsmen may serve both sovereigns and perform military duty in a dual capacity. *See Layne, supra,* 295 F.2d at 434.

█ Since the claim of Edward Bloss must be dismissed, the derivative claims of Martha Bloss also must be dismissed. *Daberkow v. U. S.,* 581 F.2d 785, 789 (9th Cir. 1978). Accordingly, this Court concludes that the motion should be granted and that the complaint must be dismissed for failure to state a claim under the FTCA.

It is so Ordered.

---

**2.** 32 U.S.C. § 701 provides:

So far as practicable, the same types of uniforms, arms, and equipment as are issued to the Army shall be issued to the Army National Guard, and the same types of uniforms, arms, and equipment as are issued to the Air Force shall be issued to the Air National Guard.