Thomas SNEARL

v.

**UNITED STATES of America, State of Louisiana.**

Civ. A. No. 87–238–B.

United States District Court,
M.D. Louisiana.

Nov. 3, 1987.

John W. Wilbert, III, Wilbert and Larpenteur, Plaquemine, La., for plaintiff.

P. Raymond Lamonica, U.S. Atty., Richard B. Launey, Asst. U.S. Atty., Baton Rouge, La., for the U.S.

John E. Seago, Seago & Carmichael, Baton Rouge, La., for State of La.

POLOZOLA, District Judge.

The plaintiff is a member of the Louisiana National Guard who was injured while participating in National Guard exercises being conducted in the Republic of Panama. Plaintiff contends that he injured his back while loading certain military equipment onto a truck and later aggravated the injury while changing heavy truck tires during the exercises. Plaintiff claims that the United States and the State of Louisiana rejected his requests for medical care, benefits, and compensation provided under federal law and state compensation laws. This court has previously dismissed the State of Louisiana for lack of subject matter jurisdiction in a minute entry entered on August 21, 1987.

This matter is before the court on the motion of the United States to dismiss the complaint against it pursuant to Fed.R.Civ. P. 12(b)(1), lack of subject matter jurisdiction, and Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted.

**166**

The first issue before the court is whether this court has subject matter jurisdiction over plaintiff's complaint against the United States.

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969).

*United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Federal question statutes do not imply a general waiver of sovereign immunity. *A.L. Rowan & Son v. Dep't. of Hous. and Urban Dev.*, 611 F.2d 997, 1000 (5th Cir.1980). Although the Federal Tort Claims Act, 28 U.S.C. § 1346(b), is a limited waiver of sovereign immunity, "[t]he government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *See also, United States v. Johnson*, — U.S. —, 107 S.Ct. 2063, 2069, 95 L.Ed.2d 648 (1987). A national guardsman who is injured in the line of duty and incident to military service with the United States is not entitled to bring an action against the United States under the Federal Tort Claims Act for injuries sustained during military exercises. *Coletta v. United States*, 300 F.Supp. 19 (D.R.I.1969). Since it is clear that Snearl was injured incident to military service with the United States, he is barred from recovery under the Federal Tort Claims Act.

32 U.S.C. §§ 318 and 319 provide for compensation to a national guardsman disabled during training designated by the President of the United States. Relief may be obtained pursuant to Title 10 U.S.C. § 1552(c) which provides that the military department "may pay a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits as a result of correcting a military record ..." The issue now before the court is whether the plaintiff has exhausted the administrative remedies available to him.

It is clear that a party asserting a military claim must exhaust his military remedies before seeking federal court intervention. *Schlesinger v. Councilman*, 420 U.S. 738, 758, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975), *Von Hoffburg v. Alexander*, 615 F.2d 633, 637 (5th Cir.1980), cited in *Wickham v. Hall*, 706 F.2d 713, 715 (5th Cir.1983). In *Von Hoffburg*, 615 F.2d at 637, the court held:

> Although federal courts are not totally barred from barracks and billets, a "court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or allegation that the military acted in violation of applicable statutes or its own regulations, *and* (b) exhaustion of available intraservice corrective measures." *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir.1971) (emphasis added).

The record herein reveals that plaintiff has failed to pursue proper administrative channels to obtain the relief it seeks in this case. An affidavit of David R. Kinneer, Executive Secretary, Army Board for Correction of Military Records states that "Sergeant Snearl has not filed an application for relief regarding the matters raised in his complaint." Plaintiff's claims for medical expenses and disability benefits must be pursued through military channels. As noted in the *Von Hoffburg* case, 615 F.2d 637–38:

> Because the military constitutes a specialized community governed by separate discipline from that of the civilian, orderly government requires that the judiciary scrupulously avoid interferring with legitimate Army matters. In the military context, the exhaustion requirement promotes the efficient operation of the military's judicial and administrative systems, allowing the military an opportuni-

ty to fully exercise its own expertise and discretion prior to any civilian court review.

■ Although there are established exceptions to the exhaustion of administrative remedies requirement, the plaintiff has not relied on these exceptions. Established exceptions include the following:

First, only those remedies which provide a genuine opportunity for adequate relief need be exhausted. *Hodges v. Callaway*, 499 F.2d 417, 420–21 (5th Cir.1974). Second, exhaustion is not required when the petitioner may suffer irreparable injury if he is compelled to pursue his administrative remedies. *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir.1978). Third, the doctrine will not apply when administrative appeal would be futile. (citation omitted). Finally, exhaustion may not be required ... if plaintiff has raised a substantial constitutional question. *See Downen v. Warner*, 481 F.2d 642, 643 (9th Cir.1973). But *see Stanford v. United States*, 413 F.2d 1048 (5th Cir.1969).

*Von Hoffburg*, 615 F.2d at 638.

The record fails to support sufficient grounds for a valid exception. Financial need is not deemed irreparable harm in a claim against the military for disability benefits and allowances. *Laningham v. United States Navy*, 516 F.Supp. 7 (D.C. 1980).

For the above reasons, the court finds that defendant's motion to dismiss for failure to exhaust administrative remedies should be GRANTED.

Judgment shall be entered dismissing this suit as to all defendants without prejudice.