**Norberto VELEZ, Plaintiff,**

v.

**UNITED STATES of America, ex rel. DEPARTMENT OF THE ARMY, Defendant.**

**Civ. No. 95–1130(PG).**

United States District Court,
D. Puerto Rico.

June 27, 1995.

---

Gabriel I. Peñagarícano, San Juan, PR, for plaintiff.

María Hortensia Ríos, Asst. U.S. Atty., Hato Rey, PR, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Defendant United States of America has filed a motion to dismiss due to lack of subject matter jurisdiction. Plaintiff has filed a motion in opposition to the motion to dismiss.

### Facts

On October 18, 1993, plaintiff Norberto Vélez, a Puerto Rico National Guard serviceman, was at a military installation under state orders to collect supplies for a Puerto Rico National Guard operation. At the military installation a United States Army Military Police Inspector ("MPI"), with the assistance of a United States Army Sergeant, placed the plaintiff under arrest for approximately 2 hours. No reasons were given for the plaintiff's arrest and no charges were filed. Subsequently the Puerto Rico National Guard debarred the plaintiff from Fort Buchanan and terminated his tour of duty.

Plaintiff filed his complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for damages arising out of his alleged false imprisonment.

### Motion to Dismiss

The Defendant United States of America filed a motion to dismiss for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1). Accordingly, the plaintiff's allegations must be accepted as true. *Jones v. La Riviera Club, Inc.,* 655 F.Supp. 1032, 1034 (D.P.R.1987). The motion to dismiss will not be granted "unless it appears beyond doubt that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### Discussion

■ Defendant alleges that the complaint is barred by the holding of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which states that the United States "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The defendant also contends that the doctrine in *Feres* bars suits that would disrupt military discipline by judicial inquiry into military affairs and command decisions. *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). The defendant states that the continuation of this suit would lead to: (1) an evaluation of the decisions of the Puerto Rico National Guard in debarring the plaintiff from Fort Buchanan and terminating the plaintiff's tour of duty; and (2) an evaluation of military management.

The plaintiff states in his response to the motion to dismiss that the *Feres* doctrine only applies to National Guard servicemen when the same have been federalized pursuant to Titles 10 or 32 of the U.S. code. Hence, for *Feres* purposes the plaintiff would be considered a civilian since at the time of the incident he was not an employee of the United States but an employee of the Commonwealth of Puerto Rico. The plaintiff further states that the continuation of this suit would not require an investigation into the appropriateness of military decisions, but would require only an investigation of the personal motives of the United States Army MPI who arrested the plaintiff. These motives allegedly arose from the United States Army MPI's relationship with the plaintiff's estranged wife.

Thus, the question that this court faces is whether the *Feres* doctrine immunizes the United States for claims arising from actions

taken by a United States Army MPI that allegedly inflicted harm on a National Guard serviceman not federalized under Titles 10 or 32 of the U.S.Code. That inquiry will depend in part on whether the adjudication of this suit would lead to a judicial evaluation into military decisions.

▮ As noted earlier, the plaintiff argues that the *Feres* doctrine bars suits only by National Guard servicemen who are on "active duty" as defined in Titles 10 and 32 of the United States Code and Title 25 of the Laws of Puerto Rico. Application of these statutes would permit National Guard servicemen in "inactive duty" to escape the *Feres* doctrine, and would undermine the Supreme Court's purpose in extending the *Feres* doctrine to *all* servicemen: "We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving." *Feres*, 340 U.S. at 141, 71 S.Ct. at 157. The distinction between an "active" and "inactive" National Guard serviceman relative to the *Feres* doctrine is irrelevant. A National Guard serviceman remains a soldier regardless of whether the serviceman is serving under federal or state orders. It is a matter of law that it is not necessary for a serviceman to be an employee of the United States for his activity to be "incident to service." *Layne v. United States*, 295 F.2d 433, 435 (7th Cir.1961), *cert. denied*, 368 U.S. 990, 82 S.Ct. 605, 7 L.Ed.2d 527 (1962). The *Layne* court noted that the plaintiff took an oath "prescribed by both the national and state laws to support and defend the National Constitution" and that he was paid with federal funds for his employment with the National Guard. *Id.* at 434.

In addition, Titles 10 and 32 of the United States Code have not been applied in similar circumstances in prior cases. *Harris v. Department of the Air Force*, No. CIV.A.94–3965 Section "K" (3), 1995 WL 321748, 1995 U.S. Dist. LEXIS, 7223 at *5 (E.D.La. May 24, 1995). Moreover, the Tenth Circuit held that these definitions do not limit *Feres*. *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1492 (10th Cir.1983).

The Fifth Circuit has outlined a three-prong test for "incidence to service" relative to the *Feres* doctrine: "(1) duty status, (2) where the injury occurred, and (3) the activity being performed." *Kelly v. Panama Canal Commission*, 26 F.3d 597, 600 (5th Cir. 1994).

The first element of the test, duty status, creates a spectrum of situations indicative of "incidence to service." *Id.* at 600. It ranges from servicemen who were off duty for only one day ("incidence to service" found) to servicemen who were on furlough (*Feres* does not bar claim) when the injury occurred. *Id.* at 600. In the present case, plaintiff was on duty at the time of the incident. The complaint indicates that the plaintiff "was carrying out his official duties as a member of the P.R. National Guard."

The second element, where the injury occurred, serves to establish "if the location indicates that the activity is service-oriented." *Id.* at 600. *Feres* usually bars suits when the injury occurs in a military base. *Id.* at 600, *Morey v. United States*, 903 F.2d 880, 882 (1st Cir.1990). The complaint reflects on its face that the incident took place in Fort Buchanan, satisfying the second prong of the *Kelly* test.

The third element, the nature of the activity, is examined "to see if [the activity] served some military function." *Id.* at 600. In *Bon v. United States*, 802 F.2d 1092 (9th Cir.1986) the Court found in general, "the presence of direct military control over the activity [is] sufficient to establish that the activity was incident to service." Plaintiff Vélez was in the military installation under orders to collect provisions for National Guard troops. Therefore the plaintiff was subject to military orders, discipline and supervision.

In this case the plaintiff satisfies all of the elements of the *Kelly* test to determine "incidence to service." He was performing his official duties as a member of the P.R. National Guard in a military installation, under orders to collect supplies for a military operation, when he was placed under military arrest. Therefore he was engaging in activities "incident to service" and his complaint is barred by the *Feres* doctrine.

The plaintiff argues that *Feres* should not be applied because military decisions will not

**64**

be evaluated during this negligence case. According to the plaintiff fact-finding will focus on MPI Bailey's personal motives in arresting and detaining the plaintiff.

The plaintiff in *United States v. Shearer* also stated that her claim was a claim of negligence which did not question military authority. As in our case, the claim in *Shearer* arose from an incident involving two servicemen which was not the direct result of military decisions. The plaintiff in *Shearer* was the mother of an Army serviceman who was kidnapped and murdered by another Army serviceman. The Supreme Court held that her claim could not proceed because it would involve haling "Army officials into court to account for their supervision and discipline." The court explained how *Feres* applied to these class of claims as follows:

> The plaintiffs in *Feres* ... did not contest the wisdom of broad military policy; nevertheless, the Court held that their claims did not fall within the Tort Claims Act because they were the type of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness.

*United States v. Shearer*, 473 U.S. 52, 59, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1984).

Plaintiff Vélez's claim will put the courts in contact with the military realm as detailed in *Shearer*. Generally, allegations of false imprisonment by the military require an investigation into military procedure. The plaintiff in *Rogers v. United States*, 902 F.2d 1268 (7th Cir.1990), filed suit because he was arrested and charged with desertion despite, he alleged, having been discharged from the United States Navy prior to the arrest. The court in *Rogers* held that his suit was barred by *Feres* because adjudication of the suit required the judiciary to examine Navy manuals to determine negligence and also required an examination of the performance of military personnel. *Id.* at 1272.

Similarly, adjudication of this lawsuit would involve the judiciary in military decision-making. Military supervision, arrest procedures and detention procedures would be questioned. The Plaintiff alleges in his complaint that as a result of his arrest he was barred from Fort Buchanan and terminated from his tour of duty; both of these military decisions would be questioned as well. Prosecution of this claim would bring into the courtroom the supervisors of all the individuals involved in the arrest, from the United States Army MPI's supervisor to the supervisors of the Puerto Rico National Guard officers who allegedly took subsequent action against the plaintiff.

Plaintiff contends that "the adjudication of this case will not cause the court to consider the propriety of any command decision." Nevertheless, the Complaint is barred by the *Feres* doctrine because "*Feres* required no nexus between discipline and injury." *Hall v. United States*, 451 F.2d 353, 354 (1st Cir. 1971).

THEREFORE, for the reasons set forth above, the motion to dismiss of defendant United States of America is **GRANTED.**

**IT IS SO ORDERED.**